**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TIMOTHY LUDZIESKI,**

    **Plaintiff,**

v.                        **CASE NO.:**

**G.G. SCHMITT & SONS, INC.,**
**a Foreign Profit Corporation,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY LUDZIESKI ("Plaintiff" or "Mr. Ludzieski") files suit against the Defendant, G.G. SCHMITT & SONS, INC., a Foreign Limited Liability Company ("G.G." or "Defendant"), and alleges as follows:

1. Plaintiff brings these claims for disability discrimination against Defendant for its termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq*. Specifically, Plaintiff was discriminated against, treated differently than other employees, and ultimately terminated, solely because of his disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant conducts substantial business in Sarasota County, Florida, and Plaintiff worked for Defendant in Sarasota County, Florida, where the actions at issue took place.

## PARTIES

4. At all times material, Plaintiff was a resident of Sarasota County, Florida.

5. During the relevant limitations period, Plaintiff was an employee of Defendant in Sarasota County, Florida.

6. Plaintiff is protected by the ADA because: (a) he was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and (b) he suffered an adverse employment action as a result of his disability or "perceived disability."

7. Defendant was at all material times an "employer" as defined by the ADA.

## CONDITIONS PRECEDENT

8. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant.

9. On August 27, 2019, the EEOC mailed Plaintiff a Notice of Right to Sue, giving Plaintiff the right to bring a civil action on his ADA claims within 90 days of his receipt of the same.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

12. Mr. Ludzieski worked as the Engineering and Design Manager for Defendant from February 2018, until his termination on July 16, 2018.[1]

13. During his employment, Mr. Ludzieski was a hard-working employee, who had no significant history non-ADA/FCRA related attendance, performance, or disciplinary issues.

14. Sadly, on June 18, 2018, Mr. Ludzieski was briefly hospitalized for depression and suicidal thoughts as a result of an underlying mental health issue.

15. Immediately, Mr. Ludzieski's wife called Defendant's Manager, Kurt Bender ("Mr. Bender"), and informed him of same, and that Mr. Ludzieski would return to work shortly.

16. Luckily, three (3) days later, Mr. Ludzieski's doctors discharged him from the hospital with medication and cleared him to return to work.

17. Immediately upon being released, Mr. Ludzieski informed Owner, Ron Schmitt ("Mr. Schmitt"), and Mr. Bender, that he was ready and able to return to work.

18. Mr. Schmitt, on the other hand, unilaterally made the determination that Mr. Ludzieski was "not ready" to return and ordered him to take as much time as he needed, and to gauge his situation "week by week."

19. Defendant's Human Resources Manager, Frank Angerame ("Mr. Angerame"), also sent Plaintiff an email that stated, among other things, that to return to work, the "company policy states that you must have an unconditional authorization, from your doctor, ***to return to work <u>without restrictions</u>** . . . At that time, the company*

---

[1] Plaintiff's EEOC Charge contained a typographical error by counsel as to the date of his termination as July 20, 2018. The correct date is July 16, 2018.

*will assess whether it is in the best interest, for all parties, for you to return to work."* (emphasis added).

20. Defendant's "100% healed policy" as Defendant's Human Resources Manager's email confirms constitutes a *per se* violation of the ADA because it "prevents individual assessment ... [and] necessarily operates to exclude disabled people that are qualified to work." *Steffen v. Donahoe,* 680 F.3d 738, 748 (7th Cir.2012) (*citing Powers v. USF Holland, Inc.,* 667 F.3d 815, 819 (7th Cir.2011)) ("[A]ll courts agree that a 100% rule is impermissible as to a disabled person.")

21. Based on this refusal to allow him to return to work despite being cleared to do so, Mr. Ludzieski elected to seek further treatment over the following weeks and was subsequently diagnosed with bipolar disorder and schizophrenia, all the while keeping his employer appraised of his progress, diagnosis, and clear intent to return to work.

22. After weeks of treatment, on July 16, 2018, Mr. Ludzieski's Doctor cleared him to return to work on a full time basis, without restrictions, effective July 19, 2018. To that end, his Doctor provided him with a medical note (in compliance with Defendant's "100% healed policy") confirming the foregoing for Mr. Ludzieski to provide to Defendant.

23. On the same day, Mr. Ludzieski called Defendant's management to inform them of his ability to return to work, and provided Defendant with the foregoing note authorizing his full time return to work without restriction on July 19, 2018.

24. However, on July 16, 2018, when Plaintiff called to discuss the specifics of his return to work three (3) days later, Mr. Schmitt informed Mr. Ludzieski that he was terminated from his employment with Defendant effective immediately.

25. When Mr. Ludzieski asked why he was being fired, Mr. Schmitt shockingly explained that he "didn't feel comfortable" around Mr. Ludzieski because of his disability and mental health condition.

26. Offended and stunned, Mr. Ludzieski objected, and explained that Mr. Schmitt's actions and statements amounted to disability discrimination.

27. Yet, Mr. Schmitt remained obstinate and accused Mr. Ludzieski of being dangerous by stating that he does not feel safe around him, and doesn't want him in the vicinity of other employees.

28. This offensive exchange confirmed that Mr. Ludzieski was terminated not because of any inability to perform his duties, but because he was "perceived as" being unfit for his position because of his disability.

29. This is direct evidence of discrimination under the ADA.

30. As a result of distressing and illegal manner in which Plaintiff was fired, upon hearing the foregoing from Defendant, Plaintiff immediately suffered a significant relapse exacerbating his prior condition, and, necessitating further treatment and evaluation by his medical team through October 1, 2019.

31. Defendant's actions toward Plaintiff caused him severe emotional distress and damage.

32. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA.

33. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position with an accommodation as permitted by law.

34. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if he did.

35. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

36. Defendant does not have a non-discriminatory rationale for its actions toward Plaintiff.

37. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability."

### COUNT I:
### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

38. Plaintiff realleges and adopts the allegations contained in paragraphs 1-37 as if fully set forth in this Count.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

40. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

41.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

43.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

44.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

45.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

46.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

47.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

48.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

49.     Provide any additional relief that this Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 24th day of September 2019.

                         Respectfully Submitted,

                         ***/s/ Noah E. Storch***
                         /s Noah E. Storch
                         Noah E. Storch, Esq.
                         Florida Bar No. 0085476
                         Email: noah@floridaovertimelawyer.com
                         RICHARD CELLER LEGAL, P.A.
                         10368 West State Road 84, Suite 103
                         Davie, Florida 33324
                         Telephone: (866) 344-9243
                         Facsimile: (954) 337-2771

                         *Attorneys for Plaintiff*